No. 847

KENSINGTON HOTEL v. WEINMAN

Ohio Appeals, 9th District, Cuyahoga County
No. 4626. Decided Nov. 5, 1923

207. INNKEEPERS.

Loss of clothing from room, by a guest, not necessary to show negligence by keeper—Keeping transients nor staying over a day, after boarding a week, paying a day's rate, still a guest.

VICKERY, P. J.

Epitomized Opinion

Petition in error from Cleveland Municipal Court

The record shows that the Hotel advertised as such, and that Weinman, having seen the advertisement, went there and registered, and paid for his accommodation a week in advance. The Hotel claimed that it was not a hotel, and that the relation of innkeeper and guest did not arise. Weinman's clothing was taken from his room, and he brought the action to recover for their loss.

The record showed that he paid in advance, $10 for a week's accommodation, and then paid at the rate of a transient, $1.50 for one day.

Weinman admitted that there was no negligence, and that if the relation of innkeeper and guest existed between them, it was not necessary to show negligence, and he would be entitled to recover. Court of Appeals, in affirming the judgment of the trial court, held:

Because the hotel received transients as well as boarders, and the mere fact that Weinman stayed a week and paid a week's rate in advance, did not, any the less, make him a guest of the hotel. As there was enough in the record to show that the relation of hotel keeper and guest existed between the parties, the judgment in favor of Weinman must be affirmed.

Attorneys—J. S. Pressman, for Hotel; Townes & Portman, for Weinman.

---

No. 848

BATES, Trustee, v. FIRESTONE

Ohio Appeals, 9th District, Medina County
No. 64. Decided May 9, 1923

26. JUDGMENTS.

Exception taken to entry of, in trial court held not necessary. 294. PLEADING. Failure to answer or demur to petition stating cause of action, held waiver of right to object at trial. 115. CORPORATIONS. Subscription by stockholder to stock offered by corporation to him completes contract. 195. FRAUD AND DECEIT. As defense proved by preponderance of evidence.

PARDEE, J.

Epitomized Opinion

This is an action to recover from Firestone $6,000 upon a written subscription made by him for 30 shares each of common and preferred of the Portage Rubber Co. Firestone alleged that he withdrew his subscription before it was accepted, and also alleged that the subscription was obtained by the fraud and misrepresentation of the company. The jury returned a verdict for defendant. Error is assigned on the ground that the court refused to charge as requested by the trustee, that Firestone must prove the alleged fraud and misrepresentation by clear and convincing evidence, also that the verdict is manifestly against the weight of the evidence. In answer thereto Firestone claims that the trustee is not entitled to a review because an exception was not taken to the entry of the judgment in the lower court; that the company failed to comply with the Blue Sky Law; and that the subscription was conditional, and he withdrew it before it was accepted by the company. The Court of Appeals, in reversing the judgment held:

1. It is not necessary to have an exception taken to the entry of the judgment in the lower court, 26 OS. 372, 12 OS. 402.

2. As to the Blue Sky Law, Firestone did not object to the petition by demurrer or answer, and as the petition stated a good cause of action, Firestone waived his right to object at the trial, 2 CC. n. s. 358, 25 OCC. 482, 91 OS. 212.

3. When the corporation made a written offer to Firestone to subscribe to the new issue of stock, this was an offer which was accepted by Firestone's subscription, and the contract was complete before Firestone withdrew his acceptance.

4. The trial court was right in refusing to charge that Firestone must prove fraud and misrepresentation by clear and convincing evidence—proof by preponderance of the evidence is sufficient, 26 OS. 2, 73 OS. 275.

5. The verdict of the jury is, however, manifestly against the weight of the evidence.

Attorneys—W. E. Young and A. Van Epp, for Bates, Trustee; Webber, Turner, Abt & Gnau, for Firestone.